UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
William A. Smith,              :
       Petitioner,             :
                               :
                               :
                               :
v.                             :        Civil Action N°.:04-11049PBS
                               :
                               :
United States of America,      :
       Respondent(s).          :
```

PETITIONER'S RETURN TO WRIT OF HABEAS CORPUS
ALLEGATION OF A RETURN PURSUANT TO 28 U.S.C. §2248
TO SHOW CAUSE IN A HABEAS CORPUS PROCEEDING
NOT A TRAVERSE

Now comes Petitioner, William A. Smith, acting Pro Se, in the above captioned case, humbly moves this most Honorable Court to grant Petitioner's allegations of a return to writ of habeas corpus proceeding, to accept as true, and same was not disputed in a pleading.

FACTS WITH BACKGROUND

Petitioner filed a motion to vacate set aside and/or correct a sentence by a person in federal custody pursuant to 28 U.S.C. §2255, on May 18, 2004. Motion was filed by the Clerk on May 19, 2004, with memorandum to support.

Petitioner received order from the Clerk on May 19, 2004, ordering the Respondent(s) to respond within twenty(20) days of the receipt of this order, to file and answer to the Petitioner's

motion pursuant to 28 U.S.C. §2255, and Petitioner shall within 30 days of the receipt of the Respondent's responsive pleading, file a reply to the responsive pleading dated entered May 27, 2004.

Respondent failed to comply with this Honorable Courts order, nor has provide a copy to the Petitioner of its answer to respond.

Petitioner filed a notice to show cause and order dated July 1, 2004, it is still pending.

## ARGUMENT

1. Failure to traverse deemed admission

The United States Attorney who is the attorney for the Respondent(s) did not file a responsive pleading to Petitioner's motion pursuant to 28 U.S.C. §2255, deemed admission. See: Sklar v. Shaughnessy, D.C. NY 1953, 117 F.Supp. 160.

2. No evidence is necessary to support allegation of return to writ of habeas corpus.

Petitioner motion pursuant to 28 U.S.C. §2255 is supported with true evidence, and imports verity and must be taken as true, unless directly put issue by the pleading. See: Vitale v. Hunter, 206 F.2d 826.

3. Where Petitioner in his habeas corpus §2255 alleged his enhancements was in error was not disputed by Respondent.

It is to be accepted as true by the Honorable Court. See: Barrows v. Hagan, 379 F.Supp. 314. Where prisoner in habeas corpus case alleged his release date and same was not disputed it was accepted

by the Court pursuant to 28 U.S.C. §2248.

4. <u>Traverse allegation</u>

Where Respondent(s) did not deny in a traverse allegation of return to habeas corpus writ, such allegations would have to be taken as true. See: <u>Yaris v. Shanghnessy</u>, 112 F.Supp. 143.

The Court should take a look at the sentencing memorandum, and opinions of Massachusetts District Court Chief Judge William G. Yong dated June 18, 2004, (1st. Cir.), for the truth of the matter.

<u>United States v. Green</u>, Criminal action no. 02-10054-WGY terminated January 22, 2004, (1st Cir.).

<u>United States v. Olivero - Pacheco</u>, Criminal action no. 01-10469-WGY.

<u>United States v. Mills</u>, Criminal action no. 99-10066-WGY.

Within the Honorable Chief Judge's opinions on <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) and <u>Ring v. Arizona</u>, 536 U.S. 584 (2002), <u>Blakeley v. Washington</u>, No. 02-1632, <u>Winship</u>, 397 U.S. at 364, <u>Jone v. United States</u>, 119 S.Ct. 1215, <u>Castello v. United States</u>, No. 99-658, June 5, 2000, also see <u>Thomas v. United States</u>, 531 U.S. 106 (2001), that the failure either to charge drug type and quantity in the indictment or to submit the question of drug type and quantity to the jury is subject to plain error review pursuant to Fed.R.Crim.P. 52(b).

Applying plain error review to Petitioner's case that the error was plain, that the error affected the Petitioner's substantial rights, and that the error seriously affected the fairness and the public reputation of judicial proceedings.

Because Petitioner was not charged with any drugs at all in the Federal or State Court in this case, pursuant to Fed.R.Crim.P. 52(b).

Our government is potent the omni present teacher for the good or ill it teaches the whole people by it's example. If the government becomes a law breaker it breeds contempt for law. It invites every man to become a law into himself, it invites anarchy. "obedience to law is justice" a government blind to that precept is unjust. (Quoting Brandeis)

## CONCLUSION

Petitioner's allegations as to his enhancement for drugs and perjury with possession of a firearm in his habeas corpus 28 U.S.C. §2255 alleged his innocence, was not disputed by the Respondent(s).

It should be accepted by the Court as true pursuant to 28 U.S.C. §2248 to avoid a complete miscarriage of justice.

The remaining part of the motion under 28 U.S.C. §2255, stands on its on merits and evidence.

Respectfully submitted on this 26th day of July, 2004.

William A. Smith
Petitioner / Pro Se

## CERTIFICATE OF SERVICE

I, William A. Smith, do hereby affirm and attest that I have sent a copy of the motion 28 U.S.C. §2248 to the Office of the United States Attorney, at the U.S. District Court, One Courthouse Way, Boston, MA 02210, on this 26th day of July, 2004, via U.S. Postal Service through Institutional legal mail.

Signed pursuant to 28 U.S.C. §1746, under the pains and penalty of perjury.

William A. Smith

Petitioner / Pro Se