UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

William A. Smith,                    )
        Petitioner                   )
                                     )
                                     )
        V.                           )          Civil Action N°
                                     )
                                     )          04-11049-PBS
United States of America,            )
        Respondent.                  )
_____)


### PETITIONER'S PRO SE REPLY TO THE GOVERNMENTS OPPOSITION TO MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE, UNDER 28 USC §2255

The petitioner submits its reply to Government's opposition to petitioner Smith's Motion to vacate, set aside, or correct sentence, under 28 USC §2255 (the opposition to responsive pleading). As set forth herein, the responsive hearing should be summarily dismissed.

SUMMARY OF THE REPLY :

Petitioner filed a motion to vacate, set aside, and/or correct a sentence by a person in Federal custody pursuant to 28 USC §2255, on May 18, 2004. Motion was filed by the clerk on May 19, 2004, with memorandum in support of the §2255 motion.

Petitioner received order from the clerk on May 19, 2004, ordering the Government to respond within twenty (20) days of the receipt of this order, to file and answer to the Petitioner's motion pursuant to 28 USC §2255, and Petitioner shall, within 30 days of the receipt of the Respondents responsive pleading, file a reply to the responsive pleading dated entered May 27, 2004.

Government/Respondent failed to comply with this Honorable Court's order, nor has provided a copy to the Petitioner of its answer to respond, nor did file for any enlargement of time, to file its answer. Violating Rule 6 (b)(1).

Petitoner Smith filed a notice to show cause in an order dated July 1, 2004, about 62 days from the date of the order to answer by the Court.

On July 26, 2004, after the Petitioner did not get a response from the Government to show cause for not answering his motion, Petitioner filed a Return to Writ of Habeas Corpus, allegation of a return pursuant to 28 USC §2248, to show cause in a Habeas Corpus proceeding, not traverse, it is still pending in the U.S. District Court.

The Government is time barred and precluded from participating in any scheduled argument of oral argument or filing any motion for failing to comply with Rule 4(a) and the Court order to answer.

## THE MOTION MUST BE DISMISSED AS UNTIMELY FILED

The Government in its opposition is claiming that Petitioner's §2255 is time barred pursuant to 28 USC §2255, because Petitioner Smith filed his motion on May 19, 2004, more than one (1) year after the Supreme Court denied his petition for certiorari on March 24, 2003, rehearing denied on May 19, 2003. The denial of a Writ of Ceratori, the one (1) year period of limitation begins to run from the date of the Supreme Court denial of the Petition of Certiorari, and the subsequent petition for rehearing on the denial of the Certiorari. Petitoner does not toll the clock.

### REPLY

Petitioner's petition for the rehearing of the denial of Certiorari was timely filed on May 19, 2004, after the denial of the rehearing.

Because Petitioner Smith filed for leave of the United States Supreme Court to file In Forma Pauperis and as an indigent prisoner who is proceeding Pro Se. To file his petition for rehearing of his Writ of Ceritorari with Appendix. which was GRANTED by the court.

-3-

Rule 16(3), "The order of the denial will not be suspended pending disposition of a petition for rehearing except by order of the Court or a Justice" Allowed.

II

## CERTIFICATION OF PETITION FOR REHEARING

Petitioner hereby certifies that this Petition is restricted to those grounds specified in Rule 44 of the Supreme Court's rules which provide for a rehearing of a Petition for Certiorari in the presence of Interveining Circumstances of a substantial or controlling effect and other substantial grounds which were not previously ruled on by the Judges of the Supreme Court on the Constitution Violation. This Petition is presented in good faith and not for delay.

William Smith

Pro Se

That is the way Petitioner Smith has stopped the clock form ticking. And has certified that Petitioner has sent a true copy of rehearing for a Writ of Certiorari to the office of the Solicitor General pursuant to Supreme Court Rule 29.

Even if the Government was right that Petitioner Smith was time barred, its claim fails because the Government should have raised their claim before the order of the Court to respond within twenty (20) days becomes final. And before notice to show cause and order, also habeas Corpus pursuant to 28 USC §2248 was filed by Petitioner, which is now pending in District Court.

The one (1) year period, starts form the latest date of Judgement of conviction becomes final. See: Kapral v. U.S. 166 F3rd 565, 570 (3rd Cir. 1999) (for purposes of one (1) limitation period for motions to vacate judgements of conviction does not become final until Supreme

- 4 -

Court denies timely Certiorari petition , or time for seeking Certiorari review expires.) See: U.S. v. Simmonds, 111 F. 3rd 737,744 (10th Cir.1997) (same). But see Gendron v. U.S. 154 F. 3rd 672, 674 (7th Cir. 1998)(per curiam prisoners who decide not to seek Supreme Court Certiorari will have convictions considered final on date of Court of Appeals decides the direct appeal) Adams v. U.S. 173 F. 3rd 1339, 1342 (11th Cir. 1999) per curiam. Supreme Courts denial does not govern when judgement becomes final for purposes of AEDPA's one (1) year limitation period. See: Feldman v Herman, 815 F. 2nd 1318, 1320-21 (9th Cir 1997). If a defendant files for Certiorari review, direct review is ongoing and the commencement  of a simultaneous §2255 would be inappropriate. See Black's Law dictionary defining "Final decision or judgement" as [o]ne which leaves nothing open to further dispute and which sets at rest cause of action between the parties. Also decisions from which no appeal or writ of error can be taken. You can file for a rehearing of a denial of a writ of Certiorari. See Smith v. U.S, N° 02-8860 (denied) March 24, 2003 writ of Certiorari, Smith v. U.S. N° 02-8860 (denied) May 19, 2003 Rehearing.  That means that the case number never changed, when Petitioner was denied Certiorari and the mandate issued forthwith , after denial of rehearing of writ of Certiorari.  Petitioner's §2255 was filed in a timely fashion.  The Governments claim is therefore moot.

The Government's claim is in error, for saying that " even if Smith's motion were not time barred, his claims fail because he could have raised them on direct appeal and he failed to show cause for his failure to do so, or actual prejudice from the claim violation".  In any event the claims are totally frivolous.

The Government is in error, The First Circuit Court of Appeals

-5-

allowed Petitioner to file a "supplemental" Pro Se brief, to Petitioner's
attorney's brief.  The reason is that Petitioner complained that
his appeal attorney only argued the 404(b) motion allowed by the
District Court.

All of Petitioner's claims were raised on direct appeal, and
some at trial and sentencing, one is a new claim just discovered
through the exercise of due diligence, through the FOIA/PA request,
from the Executive Office for the U.S Attorney in Washington, D.C..
The record of all Petitioner's claims can be found in the U.S. District
Court and the Court of Appeals, and the U.S Attorneys office was
served via U.S. Postal Service with all the claims.

The Government's claims fail as frivolous without first investigating
Petitioner's court records.

## RELEVANT FACTS AND PRIOR PROCEEDINGS

Government:

Smith was charged in a one count indictment with possession
of a firearm and various rounds of .38 and .357 caliber ammunition
on or about November 5, 1996, in violation of 18 USC 922(g)(1)[D.1]

Petitioner's Reply:

The Government is correct , and shows that Petitioner was only
charged with 18 USC §922(g)(1), and not with any drugs or prejury
by the Grand Jury, of §924(e), §924(c)(j).  That means that Apprendi
and Blakley is to be applied in Petitioner's §2255.

### III

### THE OFFENSE OF CONVICTION

Governemnt:

At some point prior to the summer of 1996, Smith moved to apartment
number 104 at 33 Wales Street in Dorchester, MA.  (Tr. III p. 103).

Petitioner's Reply:

The summer of 1996 Petitioner Smith moved to 19 Crowell Street, his home a three (3) family from the Veterans Administration. The apartment at 33 Wales Street number 104 was leased to one Mr. Joseph Turner, and that was my argument at trial, sentencing and also appeal.

That shows that AUSA Cabell, told the Grand Jury that Petitioner Smith used Joseph Turner's name asan alias to lease the apartment at 33 Wales Street number 104, in Dorchester, MA. to get an indictment and an arrest warrant.

Government:

Subsequently, Smith began selling cocaine powder and "crack cocaine" from the apartment (Tr. III p.3). A number o f people assisted Smith in his operation, including a woman named Erica E. Moore. Moore made four (4) controlled buys from Smith from the apartment and continued to purchase cocaine from Smith for her own use. November 3, 1996, shortly before the last controlled buy, Moore went to Smith's apartment to buy cocaine, and, while in the living room saw a gun next to Smith on the couch. According to Moore, Smith repeatedly looked down at the gun and back at her to make sure that she noticed it. Moore reported her observations to the police the next day.

On November 1, 1996 the police obtained a no-knock warrant to search Smith's apartment for evidence of drug related activity, which the police executed on November 5, 1996 shortly after Moore made the final controlled purchase. (Tr. III, p.128; Tr.II pp.16-19).

Petitioner Reply:

Firstly, no one in apartment 104 was arrested for selling drugs,

from within the apartment or in any car located in or around apartment
104. The Boston police did not come to court at any time with any
drug evidence nor was a charge ever lodged against anyone for selling
cocaine or "crack" cocaine. The only charge against Petitioner
Smith was for possession of marijuana, again the Boston police did
not come to court with any evidence and the case was eventually
dismissed after a request for speedy trial and status hearing, May
9, 1997 at the request of the commonwealth of Massachusetts.

Erica B. Moore did not see a firearm and did not purchase "crack"
cocaine from Petitioner Smith, did at no time look down at a handgun
and back to Ms. Moore, to have made sure that she had seen it. Why
would Mr. Smith need to look down at a gun to be sure that Ms. Moore
noticed the gun, if she was working for the Petitioner, according
to Ms. Moore and was the Petitioner's girlfriend and lover. That
would not make any sense, that claim is frivolous, the reason being,
that MS. Moore the Governments chief witness, made two (2) inconsistent
remarks during direct and cross examination. She stated on direct
examination that she bought drugs, but upon cross examination she
changed her statement to, she could not buy drugs from Smith, she
had to get an ex boyfriend who would in turn have to get another
ex boyfriend to have to purchase drugs from Petitioner Smith so
she could get them. See (Tr. V p.28, lines 17-20) ( day 5 of trial,
pp. 57-58). This would mean that she never saw a hand gun in plain
view or purchase any drugs from Smith. Ms. Moore prejured herself
under oath making that claim totally frivolous. The claim was argued
at appeal and at sentencing.

## PLAIN VIEW

Government:

Claims that the hand gun was in plain view; and that police

officers found a blue bag on the floor of the living room with the wooden handle of a stainless steel revolver protruding from one of the unzipped compartments of the bag (Tr. II, p. 70)

Petitioner's Reply:

The Government is in error, only one officer claimed that the gun was found in plain view lying on the floor, and that officer was the last one to have entered the apartment 104 at 33 Wales street, the officer that Ms. Moore supposedly had told that she had seen the gun in the apartment never told anyone and filed his report the day after the warrant execution on November 5, 1996. The report was filed on the 6th of November, and the officer did not look for the gun himself. Approximately 15 officers were standing in the room where the gun was allegedly found in plain view but no other officer claimed to have seen a gun on the floor directly in front of them in plain view. That claim must also fail as wholly frivolous.

Government:

Police found a wallet containing two (2) of Smith's ID's and Bovill's license to carry, and on Smith's person was found another wallet containing more of his ID's and $1,271.00 in cash as well as a welfare card for Ms. Moore.

Petitioner's Reply:

None of the items mentioned above were listed on the police report except for the cash, which was argued at pre-trial and again on appeal. The only wallet that was brought to court was the wallet Smith had on his person.

### STIPULATION

Smith never stipulated that the firearm and ammunition had travelled in interstate commerce. The Petitioner argued this at trial, PSI, and at sentencing.

- 9 -

## THE SENTENCING HEARING

Government:

Smith was sentenced on May 19, 1999.  Given his status as an armed career criminal (ACC), Smith's total offense level was set at 34 and the CHC at VI, See: U.S.S.G.  §4B1.4(b)(3)(A), rendering a range of 262-327 months to which the court sentenced Smith to 262 months, the low end of the guideline.

Petitioner's Reply:

The probation officer, the Government and trial court made a plain error, because Petitioner was indicted and found guilty by a jury for violating 18 USC §922 (g)(1).  The Judge gave Petitioner a base level of 24 criminal history of III this would have been 57-71 months.

Petitioner Smith was not indicted as an Armed Career Criminal. Base offense level for an ACC is 34 and a CHC of VI, which starts at 188 months.

### IV

### THE DIRECT APPEAL

On appeal, Smith neither challenged his status as an ACC nor raised any of these issues he raises in his §2255 petition.  He has raised three (3) issues; 1.  his inability to perfect his appealate claim, based on a partially missing transcript, where the court abused its discretion in admitting extrinsic act evidence under Rule 404 (b); Issue 2.  Whether this court abused its discretion in admitting evidence that was dealing drugs from the apartment; and issue 3.  whether the court failed to grant a continuance sua sponte, to give Smith time to incorporate newly received materials regarding Ms. Moore.

In June, 2002 the Court of Appeals rejected Smith's arguments and affirmed the judgement of conviction. United States v. Smith 292 F. 3rd 90 (1st Cir. 2002).

Petitioner's Reply:

Government is still in error:

Because the three issues raised on appeal were raised by Petitioner's Appeal Attorney, and because Petitioner was allowed by the Court of Appeals to file a Pro Se supplemental brief, in this brief, Pro Se challenged his status as an ACC, and raised all of his issues on the PSI report, sentencing and appeal. The records will show, see evidence mark A_1 showing that, Appeals Court granted Petitioner to file a supplemental brief to his attorneys brief.

Erica B. Moore did not testify at the Governments motion under 404(b) for bad prior acts, nor was the Petitioner there, and the court abused its discretion in admitting extrinsic act evidence pursuant to Rule 404(b); in admitting that Petitioner was dealing drugs from the apartment 104 at 33 Wales St.. Because at trial Ms. Moore, the Governments chief witness made two inconsistent statements, violating 18 USC §1623(c) during direct and cross examination, under oath, stating that she bought drugs from Petitioner and then that she could not buy drugs from the Petitoner, see (Tr.V p.28, lines 17-20) day 5 of trial pp. 57-58). See: U.S. v. Jaramillo, 69 F.3rd 388 9th Cir 1995.  Case should be dismissed for abuse of discretion and prejury.

V

**GENERAL PRINCIPALS GOVERNING SMITH'S §2255 MOTION**

Government:

Smith's attempt to obtain a Writ of Certiorari

Smith subsequently filed a petition for Certiorari and the Supreme Court denied it on March 24, 2003. Smith filed a second petition for a rehearing and the Supreme Court denied that on May 19, 2003. Smith then filed his §2255 a year and a day later, in May, 2004. Smith is time barred.

Petitioner's Reply:

This is a repeat from page 1 summary of the opposition which was answered and was moot. Petitioner has filed his §2255 in a timely fashion (See writ of Certiorari and rehearing of writ of Certiorari) both have the same case number meaning that the Petitioner's Certiorari did not become final until the Supreme Court denied rehearing of Certiorari, and mandate is forthwith. See:

```
Smith v. U.S. )      Writ of Certorari--Mark B-2
             )       Case N° 02-8860
Smith v. U.S. )      Rehearing of Certorari--Mark C-3
```

Item I in Government's opposition, was answered as moot, see memorandum of law and arguments in Petitioner's 28 USC §2255. Will show that Smith's conviction was in violation of Federal Law, involved a fundamental defect which inherently results in a complete miscarriage of justice, and that Petitioner did not get a fair trial.

## THE MOTION MUST BE DISMISSED AS UNTIMELY FILED

Smith's motion implicitly suggests, without supporting legal authority, that his petition to the Supreme Court for rehearing had the effect of suspending the period of limitation for filing his motion under §2255. That suggestion is contrary to the plain text of the relevant Supreme Court Rule, and new precedent in interpreting that rule.

Petitioner's Reply:

1.) Supreme Court Rule16 governs the disposition of a petition

-12-

for a writ of Certorari, the rule provides in relevant part:

2.)  Whenever the Court grants a petition for a writ of Certiorari, the clerk will prepare, enter, and sign an order to that effect and will notify forthwith counsel of record and the court whose judgement is to be reviewed.  The case then will be scheduled for briefing and an oral argument.

3.)  Whenever the court denies a petition for a writ of Certiorari, the clerk must do the same (as above).  But the order of denial will not be suspended pending disposition of a petition for rehearing except by order of a court or a justice.

That means that the case will not be scheduled for briefing and oral argument, just because a defendant filed a petition for rehearing.   except by order of a court or a justice, granting the petition for rehearing.  Then the case will be scheduled for a briefing and oral arguments.  If rehearing is denied, the mandate is forthwith on the date of denial (final).  It will then keep the same case number, that is the (key) of an argument as to when a case becomes final, when a filing of a <u>writ of Certiorari</u> and <u>for</u> <u>rehearing</u> a <u>writ of Certiorari.</u>  The government's claim is moot, because the Government did not file their brief, per order of the court within the 20 day time restriction, their petition is time barred and therefore must be dismissed.

V

## THE CLAIMS ALL FAIL ON THE MERITS

Smith raises nine (9) arguments in support of his motion.  In the interest of brevity, the government notes at the outset, that each of the arguments suffer from two (2) , significant defects, (aside from their untimeliness) which makes reaching the merits

-13-

unnecessary.  First each argument either rests on utterly unfounded
or unsupported assumptions, or asserts a statement that is true
but legally irrelevant.  In addition and as noted above, all of
the claims fail under the " cause and prejudice" standard since
they were not raised on direct appeal and Smith makes no attempt
to explain his failure to do so.  To the extent Smith seeks to circumvent
his failure by alleging it to be the result of inneffective assistance
of counsel.

Petitioner's reply:

The Government spends 3/4 of its brief claiming petitioner
is time barred to keep from arguing the merits of Petitioner's §2255.
The Government makes no attempt to explain their failure to file
a timely brief or apologize to the court for not filing for an enlargement
of time, rule (b).  The Government waits approximately 94 days before
filing their brief, Governments brief is untimely and fails to answer
any of Petitioner's claims, violating Rule 5, to answer all of a
claims in a motion.

### VII

### THE "OATH OF OFFICE" LACK OF JURISDICTIONAL CLAIMS

Taking his first two (2) arguments together, Smith contends
that the U.S. Attorney was without jurisdiction to prosecute him,
and the Court, therefore without jurisdiction to hold a trial because
the Government failed to prove that the requisite oaths of office
were executed and filed by then U.S. Attorney Donald Stern, and
by his Assistant U.S. Attorneys, Robert Richardson and Donald Cabell.
These claims, unsupported by even a shred of evidence, are baseless,
therefore merit no further attention.

Petitioner's reply:

-14-

Smith does not contend anything about the oath of office.
The requirement to take and file an oath of office was enacted by
Congress through statutes, 28 USC §544, 5 USC §3331, §3332 and §2906.

These affadavits are in the District of Columbia at the U.S.
Department of Justice and not in the district of Massachusetts,
but whereas, these attorneys did not file with the district Court,
nor with the U.S. Attorneys office in D.C. in which the office pertains,
even when Congress chose not to rely on the acting officials good
faith alone, judicial review is not the only available safeguard,
and congress set forth the new law to keep balance within the Courts
so that the justice system would not be used for personal gain,
this is the purpose for the officials to take the oath of office,
it is to be sworn into upholding the laws set by Congress and followed
by those of office who swore to do so.  See: Mark C-D, The oath
of office from the Executive Office for the United States Attorneys
Office, Washington, D.C. will show that Donald K. Stern's appointment
affadavits in Massachusetts are not the same as the ones in Washington.
The ones in D.C.  have not been certified, while the ones in Massachusetts
was certified on February 12, 2004, before District Judge Joseph
L. Tauro, Notary public commission expires April 9, 2004.  Attorney
Stern left office before his appointment affadavits were certified,
and Mr. Donald Cabell's oath of office affadavits have never been
certified. Mark E-1.  From the Executive office for the  United
States Attorneys office in Washington D.C. will show that Robert
Richardson's appointment affadavits from Washington and from Massachusetts
are not the same , again the one in Washington was never certified
yet the one for the District Of Massachusetts was certified on February
12, 2004 before Reginald C. Lindsay, District Judge, by Notary Public

-15-

commission expires on April 9, 2004 and was appointed on January
26, 2003. That means that Robert E. Richardson was not an Assistant
U.S. Attorney when he prosecuted Petitioners case back in June of
1997. This is why Congress chose not to rely on the acting officials
good faith alone. judicial review is not the only safeguard, and
Congress set the law to keep balance within the court, so that the
justice system would not be used for personal gain. The District
Court, the Appeals Court and the Supreme Court would not just give
attorneys a slap on the back and send them on their way. The requirement
to take and file an oath of office, was enacted by Congress through
statutes 28 USC § 544, 5 USC § 3331, §3332 & § 2906. This must
cause a dismissal of the indictment. See: The memorandum of law
and argument in Petitioner's 28 USC §2255 [page 9-14] and [exhibit
page 1-2of appendix].

> FN.    Attorney Robert E. Richardson was appointed
> special prosecutor, over Petitioner's Smith's
> trial because Attorney Donald C. Cabell's wife
> allegedly was to give birth. Since attorney
> Richardson did not take the oath of office he
> was  not authorized to prosecute Petitioner's case.

See: Rule 6(b)F.R. Cr.P.;U.S. v. Daneals, 370 F. Supp.1289 U.S.
v. Issacs, 347 F. Supp. 743 U.S. v. Bowdach, 324 F. Supp 123, U.S.
v. Carper, 116 F. Supp. 817, U.S. v. Edgerton, 80 F. 374.
Case should be dismissed.
Rule 5 (a) contents of answer and the reply. The answer shall respond
to the allegations of the motion, if the Judge orders to respond
to rule 5 (d), reply pleading within a time fixed by the Judge.

**ALLEGED FALSE EVIDENCE PRESENTED TO THE GRAND JURY**

Smith alleges that the Government "used false documentation
and statements to receive the indictment". Defendants memorandum
at 14.  Specifically, Smith contends that the undersigned AUSA knowingly
introduced false testimony at the Grand Jury that he rented, apartment
104 at 33 Wales St., when in reality they knew that a man named Joeseph
Turner was the actual renter.  Even assuming that false testimony
or evidence was somehow presented to the Grand Jury, and defect was
cured by Smith's conviction at trial.

Petitioner's Reply:

AUSA Cabell told the Grand Jury, that Petitioner Smith used
Joe Turner's ID to rent the apartment, 104 at 33 Wales St., and that
Smith's alias was Joe Turner to get an indictment and arrest warrant
in the name of "William Smith" alias Joe Turner.  Misleading the
Grand Jury to believe that Smith was Turner who owned the apartment
104 at 33 Wales St.

AUSA Cabell is saying that it is ok to make false statements
and declarations before a Grand Jury or Court to secure an indictment
or warrant.  Because any defect was cured by Petitioner Smith's conviction
at trial.  That is not what 18 USC §1623(a) and 28 USC §1746.  28
USC § 1621(1) says. See statutes.

The Grand Jury never heard the truth about who really owned
the apartment 104 at 33 Wales St., or evidence umambiguously showing
the apartment was rented under the name "Joseph Turner", would never
have indicted Smith, and Smith would never have had to go to trial,
for a jury to convict Petitioner Smith.  See: U.S. v. Jaramillo,
69 F. 3rd 388 9th Cir. 1995.  Indictment should be dismissed for
perjury and prosecutorial misconduct.  See: Chapman v. California
386 US 18 S.C.T. 824,17 L Ed 2nd 705.

## ALLEGED FALSE EVIDENCE INTRODUCED AT THE TRIAL

Smith contends  in cursory fashion through arguments 4 & 6 that much of the testimonial evidence the Government introduced at the trial was either false or contradicted by other evidence.  He contends similarly that tangible items, such as photographs were falsified to support the Governments case.

Petitioner's Reply:

The Government is saying that their witnesses, majority of the "contradictions" or "false" statements that Petitioner alludes to are in fact nothing more than inconsequential minor differences between the witnesses recollection of events, or mere differences of semantics in expression.  The differences between the witnesses, recollection of events and, mere differences of semantics in expression changes the facts on a court case on trial by jury.  For example, people, places things, times and when, where and how.  That's when prosecutorial misconduct comes in.  The prosecutors obligation, he must correct any material perjured testimony of it's witnesses when it knows, or should know from information that it has received, that the testimony is false.  See: Berger v. U.S., 295 US 78, 555 CT. 629, 79 L Ed.1314. List of Governments witnesses perjury testimony.

1.) Harry Cataldo: S.W.A.T. team leader, was the first one to enter the apartment 104 at 33 Wales Street, and that he did not see a handgun in a blue knapsack, but the knapsack with the handgun was allegedly in plain view in the same room on the floor as Cataldo. (places)(things).

2.) Darren Greely: search team leader, came in with the S.W.A.T. team leader, and he did not see a handgun on the floor in plain view. Ms. Moore was supposed to have told Greely, that she had seen a gun in the apartment 104 at 33 Wales Street and he told no one to protect them and reported a day after the search. (people)(names)(places)(things)

-18-

Greely said that ATF Agent Gallo found the wallet which contains Richard Bovill's licence to carry a handgun. This contradicted what Agent Gallo had stated, that he knew nothing about this case, until the Boston police brought the case to him several months later, and that the only thing that he did was arrest the Petitioner when the indictment went down, (Tr. 2-6-97 12) detention hearing. (people)(places)(names)(when)(where)(how).

Ms. Mary Crowley repeated hearsay about Ms. Moore stating the Petitioner was robbed, and that she had heard it from someone via a phone conversation. Ms. Crowley states, that she field tested "crack" cocaine, but officer Greely testified at the trial that he had field tested powdered cocoaine, on the same day as Ms. Crowley. (things)(time)(how)(where).

John Donovan falsified photos and evidence by putting items where he wanted them as he took the photos. The firearm ID, Moore's welfare card, medication bottle are not on the police report sheet, and there was only one wallet. (things)(places)(where).

Larry Hoffman stated that he found the handgun in plain view, after ten (10) S.W.A.T. team and six(6) search team members had entered the apartment before he did.  he states that, he was the last officer to enter the apartment but that he was the only one that saw the gun in plain view on the floor. (Tr. day 2 p 76, lines 2-5)  Fruits of poison tree, where there was no tree. (places)(things)(time)(when)(where)(how).

Erica B. Moore, the Governement's chief witness made two inconsistent statements, during direct and at cross-examination, stating she bought drugs, and then that she could not buy drugs from Petitioner Smit

(Tr. 5 p. 28, lines 17-20) (day 5 of trial, pp. 57-58).  That means
that she did not see any handgun at the apartment, 104 at 33 wales
Street. (people)(places)(things)(when)(where)(how).  The Government
violated 18 USC §1622 & 28 USC §1746, when they knowingly had these
individuals testify falsely and made false documentation.

Richard Bovill was a fugitive from justice and was permitted
by the GOvernment to testify, and at cross-examination it came out
that he had an outstanding warrant for his arrest, and was still
allowed to leave the courtroom without being arrested by the Boston
police or Federal authorities.  For his testimony.  (Tr. day 3, pp.92-96)
(people)(places)(things)(when)(where)(how).

### NO ONE WAS REQUIRED TO HAVE ERICA MOORE EXAMINED

In a rambling argument bordering on the incomprehensible Smith,
focusing on Ms. Moore's mental history, claims that both the Government
and his trial counsel should have had her examined for competency
before having her take the stand.

Petitioner's Reply:

The Government is in error, because that was not Petitioner's
argument.  Petitioner's argument was that the Government failed to
order a competency hearing for Ms. Moore before subpeonaing from
a mental health hospital to testify, that is a plain error and trial
counsels failure to have a mental evaluation.

Ms. Moore's mental health records, that are between four (4)
to five (5) hundred pages long, include mental illness hospitals
and drug rehabilitation centers, for patients that are mentally ill.
Her records go back as far as the late 70's.  Ms. Moore suffers from
long standing bi-polar illness and recurring non-compliance with
medication.  Which had put her in a state of depression from smoking

cocaine, when she becomes manically depressed  she becomes both homicidal
and suicidal, her judgement is poor, as well as her insight.  She
admitted to having vague homicidal ideation toward her ex-husband
and both her mother and sister.  She stabbed a female in 1992, severely
injuring her.  She also wishes that she were never born.  Ms. Moore's
attempted suicide, by over dosing on mood stabilizers, has made her
try to attack her ex-husband with a knife and try and beat up her
mother, poison her mother with roach poison, and even try to assault
her probation officer.  Ms. Moore uses between $100-$200.00 a day,
up to $1000.00 a week on her cocaine habit.  Ms. Moore's psychiatric
history, auditory and visual hallucinations are medicated by a 600mg
lithium twice a day, she also takes trilafan, 4mg's and 12mg's, depakote
900mg's, and 750 mg's.  Although she is non-compliant with them,
the Petitioner and jury were denied access to Ms. Moore's psychiatric
history of trying to kill herself and others.  Herself by trying to
over dose and shoot herself, and others by stabbing, cutting her
ex-husband and attempting to poison and beat up her mother.  Under
these unusual circumstances, the trial court, counsel and Government
erred in submitting the witness, Ms. Moore to the jury, while denying
the Petitioner and the jury access to Ms. Moore's past psychiatric
acts during trial and without the benefit of expert opinion to aid
in determining Ms. Moore's competency.  Ms. Moore, was under the
care of a psychiatrist.  See: Crosby, 149 US App D.C. at 308, 462
F. 2nd at 1203, competence hearing, testimony of witnesses to the
alleged conduct, expert testimony and psychiatric examinations.  See:
Vereen, 587 A. 2d 456, exclusion of expert testimony was abuse of
discretion.  Case should be reversed, because Petitioner did not
get a "fair trial".  See Petitioner's 28 USC §2255, for more information

in the memorandum of law, pp. 18-21.

Government:

Smith further takes issue with the testimony of Bovill and that of the gun dealer who sold him the firearm. Defendant's memorandum at pp.18-22

Petitioner's Reply:

The Government introduced the testimony of and individual purported to be Charles Callahan, the owner of the local gun store and a licenced firearms dealer. The one purporting to be Mr. Callahan, testified to having sold the particular firearm at issue to Bovill. Additionally, the Government introduced an over the counter transfer transaction document which purported to support the testimony of Mr. Callahan. See: Government exhibit 24, annexed hereto. However, additional over the counter transfer document, bearing the signature of Charles Callahan clearly indicated, even to the naked untrained eye, that the authors are not the samer. Petitioner reviewed a copy of the over the counter transfer transaction document form the Government after the Petitioner's trial was over, and had motioned the court for a copy of it. The Government's exhibit 24 did not have the same handwriting or signature of Charles Callahan's, on the other three(3) over the counter documents, when looking at all four (4) of them together, Government's exhibit 24's handwriting is not the same address, (Roxbury), numbers,(0549863) or alphabets(BRCETNX) as the other three(3) documents. See: appendix pp. 30-35. Petitioner's investigator went to Roache's sporting goods store and spent considerable time with Mr. Callahan of Roache's going through the 1995 & 1996 records. They found, during that period, Mr. Bovill had bought three (3) firearms of which he enclosed all three (3) records to the Petitioner, there

-22-

was no file on a hand gun with NJ 853461, having ever been sold to
one Mr. Richard Bovill Jr. , and he never used Jr. on the other three
(3) documents.  See: <u>U.S. v. Bagley</u>, 473 US.667, 679 n. 9, 105 S.
Ct. 3375, 87 L.ED 2d. 841 (1985).

Unless the introduction of false testimony and documentary evidence
was harmless beyond a reasonable doubt, the judgement must be reversed.
In the present case, the introduction of gross inflammatory and materially
false documentery evidence, coupled with equally prejudicial perjured
testimony, warrants an order vacating the judgement in the interest
of justice.  Notably, counsel failed to lodge an objection to his
clearly falsified evidence, violated Petitioner's sixth amendment
of the United States Constitutional right to effective assistance
of counsel.

### THE DEFENDANT WAS PROPERLY SENTENCED AS AN ACC

Through arguments 6 &7 Smith raises  several disjointed arguments
linked only by the fact they appear to relate generally to the sentence
he received.  Rather than attempt to parse and respond to each potential
argument, it suffices to point out that Smith was classified as an
ACC and does not in his motion challenge any of the three (3) ACC
predicates as found by the probation office. Because he does not,
and because his sentence was calculated entirely on the ACC guidelines
provisions as U.S.S.G. §4B1.4.

Petitioner's Reply:

The Government was in error then , and is still in error now,
because Petitioner argued the three (3) ACC predicates as found by
the probation office.  The pre-sentence report was changed four (4)
times by the probation offi and one (1) time by the Government.

In July of 1997, the first pre-sentence report was based on offense

-23-

level 24 with two (2) levels for a stolen firearm and aideing and
abetting two (2) levels, criminal history three(III) total 28.   The
second PSI, changed from level 28 to level 30 for possession of marijuana.
The third (3) PSI, had the same level for possession of marijuana
and cocaine, total offense level 30.   On August 6, 1998, just before
sentencing, the Government filed a memorandum saying that the probation
office has correctly employed U.S.S.G. §4B1.4(e), the armed career
criminal guideline, in determining that defendant's offense level
is 34 and criminal history is now 6 (VI).   Petitioner was not indicted
pursuant to 924(c) or 922(j) nor 922(e), because both of Petitioner's
priors were related and one was still an open case, and still remains
open as of the date of this filing.  See: U.S.S.G. 4A1.2.   The Petitioner's
case was before November 1, 1991, before the amendment of interviening
arrest.

Petitioner did not claim that his prior cases were of the same
scheme or plan ( a plan of acting).   Petitioner Smith argued that
his priors were related.   Because three (3) of the state offenses
were consolidated for sentencing and for trial, defendant/petitioner
received identical concurrent sentences from the same judge at the
same hearing.   Therefore the petitioner should have received only
one criminal point, because one was still an open case and still remains
so.   Pursuant to U.S.S.G. §4A1.2.   See: United States v. Bachiero,
962 F. 2nd 733 (9th Cir. 1999), !8 USC. A App. Application Not 3,
US. v. Chapnick, 963F.2nd 224, 228-29, Houser,929 F.2nd 1373, Burns,
894 F.2nd 334, Bishop 921 F.2nd 1068, Smith 905 F.2nd 1303, Kinney
915 F.2nd 1471, Veteto 920 F.2nd 823, Lowe 930 F. 2nd 647, Anderson
942 F.2nd 606, Rivers 929 F. 2d 136, Ali 951 F. 2d 827,  Davis 922
F.2d 1385, Fine 946 F.2d 650, Mitchell 941 F.2d 690.   The Petitioner

at pre-sentencing, at sentencing on appeal and at the Supreme Court. For more information, see: Petitioner's 28 USC §2255, pp. 22-29. The sentence is to be corrected.

Government sites, in Strickland v. Washington, 446 US 668(1984), resulting in an unreliable and fundamentally unfair outcome of the proceeding. Id. at 687. Given that none of Smith's claims have any merit.

Petitioner's Reply:

Trial counsel gave lawyer/client privilege to U.S. Attorney in open Court at side bar, appellate counsel's failure and refusal to raise a non-frivolous claim on direct appeal, which Petitioner wishes to have raised; Being enhanced for perjury, drugs and ACC. He did not file an Anders v. CA. brief, sentencing counsel failed to object to the Government and court's constructure amendment to the original indictment with the enhancement at Petitioner's sentencing. Petitioner's counsel's failure to provide adequate and effective assistance of counsel at trial and sentencing on appeal, violated the Strickland standards, should be dismissed.

All claims and citing are pursuant to Apprendi v. New Jersey, 530 U.S. 466, 490, Blakely v. Washington, Ring v. Arizona 536 U.S. 584, 592-93 applied Apprendi to Arizona. Sixth Amendment a reservation of jury power, U.S. v. Shamblin, criminal action number 2:03-00217 US District Lexis 12288, (June 30, 2004) decided. Ditts v. Oregon, 2004 US. Lexis 4584, 72 US L.W. 3767 U.S. (June 28, 2004) Schiro v. Summerlin 2004 US Lexis 4574, 17 Fla. L Weekly Fed S425 (US June 24, 2004) US v. Gonzalez, 2004 U.S. Dist. Lexis 11760 (S.D.N.Y June 25, 2004) U.S. v. Medas, 2004 U.S. Dist. Lexis 12135 (E.D.N.Y. JUly 1, 2004)

-25-

## CONCLUSION

Based upon the facts set forth herein and in addition to the authorities cited in the memorandum of law in Petitioner's 28 USC §2255 and 28 USC §2248, motions, the Petitioner moves this most Honorable  Court, in the interest of justice, to correct or dismiss sentence, to stop this flow of injustice.

Petitioner Smith is still an American, no matter where he may be. May God Bless America.

Respectfully Submitted

Pro-Se William Smith

## CERTIFICATE OF SERVICE

I William Smith/Petitioner; do hereby affirm and attest the I have sent a true copy of Petitioner's reply motion to the Office of the U.S Attorney, at the U.S. District Courthouse, One Courthouse Way, Boston, MA. 02210, on this 23 Day of September 2004 by was of FIrst Class Mail.

Signed pursuant to 28 USC §1746.

William Smith
Reg N° 21442-038

Federal Medical Center

Devens

Ayer, MA 01432

A—1

# United States Court of Appeals
## For the First Circuit

———————————————

No. 99-1678

UNITED STATES,

Appellee,

v.

WILLIAM SMITH,

Defendant, Appellant.

———————————————

ORDER OF COURT

Entered:

    The motion for leave to file a "supplemental" pro se brief is <u>allowed</u>.

By the Court:

Acting Clerk.

cc:    Jane Elizabeth Lee, Esq.
       Donald L. Cabell, Esq.
       Dina Michael Chaitowitz, Esq.
       William Smith

C-3

SUPREME COURT OF THE UNITED STATES
**OFFICE OF THE CLERK**
WASHINGTON, D. C. 20543

May 19, 2003

Mr. William Smith
21442038
PO Box 879
Ayer,  MA 01432

      Re:  William Smith
           v. United States
          No.  02-8860

Dear Mr. Smith:

The Court today entered the following order in the above entitled case:

The petition for rehearing is denied.

          Sincerely,

          *William K Suter*

          William K. Suter, Clerk

(♦)

B-2

SUPREME COURT OF THE UNITED STATES
OFFICE OF THE CLERK
WASHINGTON, D. C. 20543

March 24, 2003

Mr. William Smith
21442038
PO Box 879
Ayer,  MA 01432

Re:  William Smith
v. United States
No.  02-8860

Dear Mr. Smith:

The Court today entered the following order in the above entitled case:

The petition for a writ of certiorari is denied.

Sincerely,

William K. Suter, Clerk

Revised June 1986

U.S. Office of Personnel Management
FPM Chapter 296
61-108

−C−

# APPOINTMENT AFFIDAVITS

| United States Attorney | November 19, 1993 |
|---|---|
| *(Position to which appointed)* | *(Date of appointment)* |

| U.S. Department of Justice | U.S. Attorney's Office | Boston, MA |
|---|---|---|
| *(Department or agency)* | *(Bureau or Division)* | *(Place of employment)* |

I, _____ Donald K. Stern _____, do solemnly swear (or affirm) that—

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

_____
*(Signature of appointee)*

Subscribed and sworn (or affirmed) before me this __18TH__ day of __November__, 19__93__,

at _____ Boston _____          _____ Massachusetts _____
        *(City)*                                  *(State)*

[SEAL]          _____
                *(Signature of officer)*

                Joseph L. Tauro
Commission expires _____          U.S. District Judge
*(If by a Notary Public, the date of expiration of his/her          *(Title)*
Commission should be shown)*

NOTE.—*The oath of office must be administered by a person specified in 5 U.S.C. 2903. The words "So help me God" in the oath and the word "swear" wherever it appears above should be stricken out when the appointee elects to affirm rather than swear to the affidavits; only these words may be stricken and only when the appointee elects to affirm the affidavits.*

NSN 7540-00-634-4015          ☆U.S. GPO 1990-265-862/10005          Prior Edition Usable

Revised June 1986
U.S. Office of Personnel Management
FPM Chapter 296
61-108

—D—

# APPOINTMENT AFFIDAVITS

| Assistant U. S. Attorney | | 01-26-2003 |
|---|---|---|
| *(Position to which appointed)* | | *(Date of appointment)* |

| Dept. of Justice | U. S. Attorney's Office | Boston, MA |
|---|---|---|
| *(Department or agency)* | *(Bureau or Division)* | *(Place of employment)* |

I, _____ Robert E. Richardson _____ , do solemnly swear (or affirm) that—

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

_(Signature of appointee)_

Subscribed and sworn (or affirmed) before me this ___26___ day of ___February___ , 2003 ,

at _____ Boston _____ _____ Massachusetts _____
　　　　　*(City)*　　　　　　　　　　　　　　　　　*(State)*

[SEAL]

_(Signature of officer)_

Reginald C. Lindsay
District Judge

Commission expires _____ _____ *(Title)*

*(If by a Notary Public, the date of expiration of his/her Commission should be shown)*

NOTE.- *The oath of office must be administered by a person specified in 5 U.S.C. 2903. The words "So help me God" in the oath and the word "swear" wherever it appears above should be stricken out when the appointee elects to affirm rather than swear to the affidavits; only these words may be stricken and only when the appointee elects to affirm the affidavits.*

Prior Edition Usable

This form was electronically produced by Elite Federal Forms, Inc.

—E—

# APPOINTMENT AFFIDAVITS

| | |
|---|---|
| Assistant U.S. Attorney | September 5, 1995 |
| (Position to which appointed) | (Date of appointment) |

| | | |
|---|---|---|
| U.S. Department of Justice | U.S. Attorney's Office | Boston, MA |
| (Department or agency) | (Bureau or Division) | (Place of employment) |

I, _____ Donald L. Cabell _____, do solemnly swear (or affirm) that—

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

_____
(Signature of appointee)

Subscribed and sworn (or affirmed) before me this __5th__ day of __September__, 19__95__,

at _____ Boston _____          _____ Massachusetts _____
        (City)                                      (State)

[SEAL]                             _____
                                   (Signature of officer)

                                   Barry A. Macero
Commission expires _____     Personnel Assistant
(If by a Notary Public, the date of expiration of his/her          (Title)
Commission should be shown)

NOTE.—The oath of office must be administered by a person specified in 5 U.S.C. 2903. The words "So help me God" in the oath and the word "swear" wherever it appears above should be stricken out when the appointee elects to affirm rather than swear to the affidavits; only these words may be stricken and only when the appointee elects to affirm the affidavits.