UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 FEB -8  P 4: 20

U.S. DISTRICT COURT
DISTRICT OF MASS

WILLIAM SMITH, )
  )
  Petitioner, )
  )
v. ) CRIMINAL NO.: 04-11049 PBS
  )
UNITED STATES OF AMERICA, )
  )
  Respondent. )

## PETITIONER'S MOTION SUPPLEMENTING 28 U.S.C. § 2255
## IN SUPPORT OF HIS MEMORANDUM OF LAW

Petitioner Smith is supplementing this memorandum of law because of a new ruling by the United States Supreme Court, pursuant to rule 15(d) events which have happened since the date of the pleadings sought to be supplemented.

### Background

In United States v. Booker, No. 04-104, decided January 12, 2005, under Federal Sentencing Guidelines the sentence authorized by the jury verdict in respondent Booker's drug case was 210 to 262 months imprisonment.

At sentencing hearing, the Judge found additional facts by preponderance of the evidence. Because these findings mandated a sentence between 360 months to life, the Judge gave Booker a 30 year sentence instead of the 21 year and 10 months sentence he could have imposed based on the facts proved to the jury beyond a reasonable doubt.

(a) In addressing Washington State's determinate sentencing scheme, the Blakely Court found that Jones v. U.S., 526 U.S. 227, 143 L.Ed.2d 311, 119 S.Ct. 1215; Apprendi v. New Jersey, 530 U.S.

466, 147 L.Ed.2d 435, 120 S.Ct. 2348; and Ring v. Arizona, 536 U.S. 584, 153 L.Ed.2d 556, 122 S.Ct. 2428, made clear "that the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the [*4] jury verdict or admitted by the defendant." 542 U.S., at ___, 159 L.Ed.2d 403, 124 S.Ct. 2531. As Blakely's dissenting opinions recognized, there is no constitutionally significant distinction between the Guidelines and the Washington procedure at issue is that case. This conclusion rests on the premise, common to both systems, that the relevant sentencing rules are mandatory and impose binding requirements on all sentencing judges. Were the Guidelines merely advisory--recommending, but not requiring, the selection of particular sentences in response to differing sets of facts--their use would not implicate the Sixth Amendment. However, that is not the case. Title 18 U.S.C.A. § 3353(b) directs that a court "shall impose a sentence of the kind, and within the range" established by the Guidelines, subject to departures in specific, limited cases. Because they are binding on all judges, this Court has consistently held that the Guidelines have the force and effect of laws. Further, the availability of a departure where the judge "finds...on aggravating or mitigating circumstances of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission [*5] in formulating the guidelines that should result in a sentence different from that described," 3553(b)(1), does not avoid the constitutional issue. Departures are unavailable in most cases because the commission will have adequately taken all relevant factors into account, and no departure will be legally permissible. In those instances, the judge is legally bound to impose a sentence within the guidelines range. Booker's case illustrates this point. The jury found him guilty of possessing at least 50 grams of crack cocaine base on evidence that he had 92.5 grams. Under those facts, the Guidelines required a possible 210 - to - 262 months sentence. To reach

Booker's actual sentence, which was almost 10 years longer. The judge found that he possessed an additional 566 grams of crack cocaine. Although the jury never heard any such evidence, the judge found it to be true by a preponderance of the evidence. Thus, as in Blakely, the jury's verdict alone does not authorize the sentence. The judge acquires that "authority only upon finding some additional fact." 542 U.S., at ___, 159 L.Ed.2d 403, 124 S.Ct. 2531.

Finally, because there were no factors the Sentencing Commission failed to adequately consider, the judge was required to impose a sentence within the higher Guidelines range.

Justice Breyer delived the Opinion of the Court in part, concluding that 18 U.S.C.A. § 3553(b)(1), which makes the Federal Sentencing Guidelines mandatory is incompatible with today's Sixth Amendment, "jury trial," holding and therefore must be severed and excised from the Sentencing Reform Act of 1984(Act). Section 3742(e), which depends upon the Guidelines mandatory nature also must be severed and excised. So modified, the Act makes the Guidelines effectively advisory, requiring a sentencing court to consider Guidelines ranges, see § 3553(a)(4), but permitting it to tailor the sentence in light of other statutory concerns, see § 3553(a). p 2 - 26.

### Argument

In Petitioner Smith's instant case falls into the heartland of <u>United States v. Booker</u>, because Petitioner did not get indicted by the Grand Jury for 21 U.S.C. § 841, or charged with 18 U.S.C. § 1622. But at sentencing Petitioner was enhanced for possession of marijuana and cocaine with the intent to distribute, with no charge for subornation of perjury or indictment for any drugs. Petitioner was charged and then indicted only for being a felon in possession of a handgun violating 18 U.S.C. 922(g)(1),

with two prior criminal history points, should have only received a sentence with base level 24 and criminal history three (3), 57 to 71 months sentence. The Probation Officer found out that three (3) 1985 cases, were consolidated as one, for trial and sentencing, and one case remains open since 1992. The offense level should have been level twenty (20), criminal history one (1), imprisonment of 33 to 41 months, instead the Petitioner was enhanced four (4) levels for possession with intent to distribute marijuana, and four (4) levels for cocaine, and two levels for subornation of perjury. There was no lab reports or amount of drugs, nor any mention of drugs on the original indictment and the Court found no "subornation," but in error, did not take the two (2) levels back. Then the Government filed a memorandum to enhance Petitioner from level 24 and criminal history 3, to level 34 and criminal history 6. And the memorandum was granted by the Judge. Petitioner was sentenced to 22 years and 3 years supervised release. The upward departure from 33 to 41 months to 262 to 327 months. And the Judge sentenced Petitioner as an ACC by preponderance of the evidence and finding aggravating circumstance, pursuant to 18 U.S.C. § 3553(b)(1) for upward departure, and in the statements of reason, was to afford Petitioner adequate deterrence to criminal conduct.

### New Rule of Constitutional Law
### Relied upon

The Supreme Court has held that seeking review on post-conviction application in a claim that the "New Rule of Law" is retroactive for collateral review, i.e. 28 U.S.C. § 2255, the new rule must be identified. <u>Tyler v. Cain</u>, (1998) WL 614183; and <u>Brown v. Lensing</u>, (1999), 171 F.3d 1222.

The "New Rule of Law" relied upon is <u>United States v. Booker/ Fanfan</u>, SI. OP. 04-104.

In Booker/Fanfan, the Supreme Court decided that Blakely, applies to United States Sentencing Guidelines; that is, the Court held that the imposition of mandatory sentencing enhancements based on, as here, Judicial findings of fact violates the Sixth Amendment.

The Supreme Court reaffirmed holdings in Apprendi, any fact other than a prior conviction which is necessary to support a sentence exceeding the maximum authorized by the facts established by a pleas of guilt or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

The Supreme Court has clearly demonstrated its intention that Booker/Fanfan be held "retroactive" See: Court's Opinion 543 U.S. 2005, p.25 ("As these dispositions indicate, we must apply today's findings...both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act to all cases on Direct and Collateral review, i.e. 28 U.S.C. § 2255 See: Apprendi, 530 U.S. and Blakely, 542 U.S.. The Supreme Court stated further that ("A new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases pending on review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break with the past'") See: Reynoldsville Casket Co. v. Hyde, 514 U.S. 749, 152 (1995), civil case; citing Harper v. Virginia Dept. of Taxation, 509 U.S. 86, 97(Same)(1993).

The Supreme Court reaffirm their holdings in Apprendi and Blakely.
If properly presented as a "New Rule of Law" this Circuit should grant an application for collateral relief. See Hill v. Hopper, C.A.11 122 F.3d1088.


### Smith is entitled to Relief

Here, with, now no conflict of Apprendi/Blakely, supra. Smith ACC enhancement can not serve to stand. Incorporated by refer-

ence in this 'informal brief' <u>Smith</u> also correctly argues that (a) the seriousness of his prior convictions were severly over-represented; and (b) the conviction cannot survive a test of those convictions relied upon for ACC enhancement, however, here the Supreme Court of the United States has clearly found that such and enhancement could not stand under any circumstance. Smith clearly did go to trial, as the official record dictates he did not enter a 'plea' to being an ACC.

Petitioner Smith, most respectfully asks this Court to expunge the Acc enhancements from his sentence, pursuant to U.S.S.G. § 4A1.2(a)(2), because the cases are related, and not charge with 21 U.S.C. § 841 or 18 U.S.C. § 1622, pursuant to U.S.S.G. § 4A1.2(a)(2) and enhancement for possession with the intent to distribute cocaine and marijuana 21 U.S.C. § 841, and Subornation of Perjury with no charge, also using 18 U.S.C. § 3553(b) to enhance Petitioner to ACC.

### Conclusion

Based upon the decision in <u>Booker/Fanfan</u>, and in addition to the authorities cited in Petitioner's motion and Memorandum of Law pursuant to 28 U.S.C. § 2255 and Rule 15(d) to correct, dismiss or resentence, will allow Petitioner's Motion.

Respectfully submitted,

*William Smith*

Pro Se William Smith
Reg. No.: 21442-038
F.M.C. Devens
P.O. Box 879
Ayer, MA 01432

## CERTIFICATE OF SERVICE

I, William Smith/Petitioner; do hereby affirm and attest that, I have sent a true copy of Petitioner's Supplemental Pleadings, to the Office of the United States Attorney, at the U.S. District Courthouse, One Courthouse Way, Boston, MA 02210, on this 4th day of February, 2005, by First Class Legal Mail.

Signed pursuant to 28 U.S.C. § 1746.

*William Smith* (signature)

William Smith
Reg. No.: 21442-038