```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
                                       )
WILLIAM SMITH,                         )
     Petitioner,                       )
                                       )
          v.                           ) CIVIL ACTION NO. 04-11049-PBS
                                       )
UNITED STATES,                         )
     Respondent.                       )
                                       )
```

**MEMORANDUM AND ORDER**

August 2, 2005

Saris, U.S.D.J.

### I.   INTRODUCTION

Pro se petitioner William Smith brings a petition pursuant to 28 U.S.C. § 2255 challenging his conviction and sentence, which the government argues is time-barred.  After review of the briefs, the Court **DISMISSES** the petition as untimely.

### II.   BACKGROUND

In June 1997, Smith was convicted by a jury for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1).  His conviction was affirmed by the First Circuit in 2002.  United States v. Smith, 292 F.3d 90, 92 (1st Cir. 2002).  Smith then filed a petition for certiorari to the Supreme Court, which the Court denied on March 24, 2003.  Smith v. United States, 538 U.S. 933 (2003).  On May 19, 2003, the Supreme Court denied Smith's motion for a rehearing on his certiorari petition.  Smith v. United States, 538 U.S. 1054

(2003).  Smith filed the pending motion on May 19, 2004.

Under the applicable provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas petitions are governed by a one-year statute of limitations which runs from "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(1).[1]  The government asserts that the petition is untimely because it was filed more than a year after the certiorari petition was filed.  Smith contends that the judgment of conviction became final when the Court denied his motion for rehearing on that petition.

The resolution of this dispute begins with Supreme Court Rule 16.3, which states:  "[w]henever the Court denies a petition for a writ of certiorari . . . [t]he order of denial will not be

---

[1] The other three sections are inapplicable to this case. 28 U.S.C. § 2255 provides "A 1-year period of limitation shall apply to a [habeas corpus] motion under this section. The limitation period shall run from the latest of--

**(1)** the date on which the judgment of conviction becomes final;

**(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

**(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255 (1996).

suspended pending disposition of a petition for rehearing except by order of the Court or a Justice." Relying on this rule, several circuits have held that the statute of limitations for § 2255 motions begins to run when the Supreme Court denies a defendant's petition for certiorari unless the denial is suspended. See Ginsberg v. Cockrell, 288 F.3d 268, 271 (5th Cir. 2002) (holding that because no member of the Supreme Court suspended the denial of the petition for certiorari, the conviction was final on the date certiorari was denied); United States v. Segers, 271 F.3d 181, 186, n.4 (4th Cir. 2001)(holding that a petition for rehearing to the Supreme Court does not toll the § 2255 statute of limitations "absent the issuance of a suspension order by the Court or a Justice thereof, as contemplated by Rule 16.3"); United States v. Willis, 202 F.3d 1279, 1280-81 (10th Cir. 2000)(holding that "absent an actual suspension of an order denying certiorari by the Court or a Justice, a judgment of conviction is final for purposes of the one-year limitation period when the United States Supreme Court denies a petition for writ of certiorari after a direct appeal, regardless of whether a petition for rehearing from the denial of certiorari is filed"); Washington v. United States, 243 F.3d 1299 (11th Cir. 2001).

Here, the denial of the petition of a writ of certiorari was not suspended. Therefore, the conviction became final on March 24, 2003, and this petition, which was filed on May 19, 2004, is

time-barred.

### **ORDER**

Petitioner's motion to vacate or amend the judgment and sentence rendered against him (Docket No. 1) is **DISMISSED**.

                                      **S/PATTI B. SARIS**
                                      United States District Judge