William Smith
Prison Number 21442-038
F.M.C. Devens
P.O. Box 879
Ayer, MA 01432
<u>Pro Se Petitioner</u>

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| WILLIAM SMITH | ) | Civil Action |
| | ) | |
| Pro Se Petitioner | ) | Docket Number 04-11049 PBS |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES | ) | Judge SARIS |
| | ) | |
| Respondent | ) | <u>Motion for Reconsideration</u> |
| | ) | |

<u>MOTION FOR RECONSIDERATION BY THE</u>

<u>PRO SE PETITIONER UNDER THE COURT'S</u>

<u>AUGUST 2, 2005 ORDER THAT</u>

<u>DISMISSED THE INSTANT ACTION</u>

<u>PURSUANT TO RULE 59(e)</u>

<u>Consolidated Declaration and Argument</u>
<u>for Reconsideration of the Court's August 2, 2005</u>
<u>Order that Dismissed the Action</u>

<u>Declaration and affirmation</u>

William Smith, Pro Se Petitioner, hereinafter (Petitioner), declares and affirms under the penalty of perjury that the instant filing is true.

<u>The dismissal order presents a question</u>
<u>of first impression in this Circuit</u>
<u>under the doctrine of equitable tollin</u>
<u>in order to determine if the one</u>
<u>year time period for filing the</u>
<u>Petitioner's Motion under 28 U.S.C. 2255</u>
<u>starts with the U.S. Supreme Court denial</u>
<u>or after the Petitioner's Motion for Rehearing</u>

**(1)** Respectfully, the Honorable Court ordered on August 2, 2005, that the instant action is dismissed by interpreting the one year time period for the Petitioner to file his Motion under 28 U.S.C. § 2255 started when the U.S. Supreme Court denied his certiorari petition on March 24, 2003, not after the U.S. Supreme Court's ruling under the Petitioner's Motion for Rehearing that was denied by the U.S. Supreme Court on May 19, 2003. The Court denied the Petitioner's request for equitable tolling based on the U.S. Supreme Court's May 19, 2003, denial of the then pending Motion for Rehearing and Reconsideration before the Judgment became final. The Supreme Court Judgment did not become final before the May 19, 2003 ruling on reconsideration. See Supreme

-1-

Court Rule 44, Paragraphs 2 and 3.

<u>The question of first impression

is when the U.S. Supreme Court Judgment

becomes final under Supreme Court Rule 16.3</u>

(2) The first impression question is based on the Court's Ruling under the Supreme Court Rule 16.3 wherein the Court's use of the word <u>suspended</u> in the rule may not be used to replace the legal term of Final Judgment showing when the action is completed and ripe for the statute of limitations time to start after the rehearing. See Supreme Court Rule 44, Paragraphs 2 and 3.

(3) The Petitioner's review of all Circuit case law under the above question does not provide any light in discerning when the Supreme Court Judgment becomes final. The Petitioner claims that the Supreme Court Rule 16.3 does not make the action final before the Supreme Court issues their Final Judgment after <u>all proceedings</u> including the Petitioner's Motion for Rehearing and Reconsideration was completed on May 19, 2003. The Supreme Court Rule 44, Paragraphs 2 and 3 supports the above claim.

<u>The Court relied on the word

suspended as the basis

for Final Judgment under

Supreme Court Rule 16.3 that

ruling is in error</u>

(4) The U.S. Congress did not set forth that the U.S. Supreme Court would be prohibited from reviewing a Petition for Rehearing and Reconsideration before the Judgment becomes final. Therefore, the first impression question must discern when the

-2-

Petitioner's Supreme Court Judgment became final. The Petitioner claims the judgment is not final before all the proceedings were completed on May 19, 2003. Supreme Court Rule 44, Paragraphs 2 and 3 provide the authority for the above claim.

### The Supreme Court Judgment
### became final on May 19, 2003

(5) The Court is requested to reconsider the August 2, 2005, order that dismissed the action by setting forth the Petition was time barred not filed within one year of the Supreme Court Final Judgment. The Supreme Court record shows the Petitioner's Judgment became final on May 19, 2003, when the action was completed in the Supreme Court.

(6) Based on the Supreme Court's Final Judgment and order on May 19, 2003, the Petitioner claims he can not be time barred in filing the instant action under § 2255 on May 19, 2004, within one year of the Supreme Court's Final Judgment on May 19, 2003. The Supreme Court Rule 44 at Paragraphs 2 and 3 concede the above claim is on point.

### Supreme Court Rules
### Part VIII - Disposition of Cases

Rule 44, Paragraph 2: Rehearing of an order denying a petition for a Writ of Certiorary or extraordinary writ.

(1) Shall be filed within (25) days after the date of the order of denial and shall comply with all the form and filing requirements of paragraph 1 of this rule.

(2) But its grounds shall be limited to intervening circumstances of a substantial or controlling effect or to other

-3-

substantial grounds not previously presented.

(3) The petition shall be presented together with certification of counsel [or of a party unrepresented by counsel] that it is restricted to the grounds specified in this paragraph and that it is presented in good faith and not for delay.

(4) One copy of the certificate shall bear the signature of counsel [or of a party unrepresented by counsel]. The certificate shall be bound with each copy of the petition.

(5) The Clerk will not file a petition without a certificate.

(6) The Clerk will not file consecutive petitions and petitions that are out of time under this Rule.

### Rule 45 - Process; Mandates

(1) All process of this Court issues in the name of the President of the United States.

(2) The filing of a petition for rehearing stays the mandate until disposition of the petition, unless the Court orders otherwise.

(3) If the petition is denied the mandate issues forthwith.

(4) Petitioner Smith filed for leave of the United States Supreme Court to file In Forma Pauparis and as an indigent prisoner who is proceeding Pro Se to file his petition for rehearing of his Writ of Certiorary with the Appendix which was Granted by the Court and filed.

### Certification of Petitioner for Rehearing

Petitioner hereby certifies that this petition is restricted to the grounds specified in Rule 44 of the Supreme Court's rules

which provide for a rehearing of a Petition for Certiorari in the presence of interveining circumstances of a substantial controlling effect and other substantial grounds which were not previously ruled on by the Judges of the Supreme Court on the Constitution violation.

This Petition is presented in good faith and not for delay.

Pro Se William Smith

(5) That is the way Petitioner Smith stopped the clock from ticking and certified that Petitioner sent a true copy of rehearing his Writ of Certiorari to the Office of the Solicitor General pursuant to Supreme Court Rule 29.

(6) See Black's Law Dictionary defining "final decision or Judgment" as "[o]ne which leaves nothing open to further dispute and which sets at rest cause of action between the parties." Also, decisions from which no appeal or Writ of Error can be taken.

(7) You can file for a rehearing from denial of a Writ of Certiorari. See: Smith v. U.S., No 02-8860 (Denial) March 24, 2003 Writ of Certiorari and Smith v. U.S., rehearing (Denial) May 19, 2003, the case number never changed. And the mandate pursuant to Rule 45 of the United States Supreme Court, after denial of rehearing of Writ of Certiorari issues forthwith.

(8) Petitioner's § 2255 was filed in a timely fashion. The Government's and the Court's cites, that they used in their response and order as reason to dismiss Petitioner's § 2255, never delt with rehearing of Certiorari, only Certiorari in the first stage. (See: Rules 44 and 45 for rehearing.)

-5-

**(9)** The Government and the Court made a Plain Error pursuant to Supreme Court Rules 44 and 45, and Petitioner Smith asks for Reconsideration pursuant to Rule 59(e).

## Conclusion

Based on all the papers filed in the action, the Petitioner is requesting that the Court reconsider when the Supreme Court's Final Judgment became final and find that the date was May 19, 2003. Said finding will then vacate the pending instant dismissal of the action.

Respectfully submitted,

dated August 10, 2005

by *William Smith*
William Smith
Pro Se Petitioner

## PROOF OF SERVICE

I, William Smith, certify that on August 10, 2005, I mailed a true copy of this Motion for Reconsideration pursuant to Rule 59(e) via First Class Mail to the following:

United States Attorneys Office
United States Courthouse
One Courthouse Way
Boston, MA 02210

I certify that this Motion was placed in the Inmate Legal Mail system at F.M.C. Devens, P.O. Box 879, Ayer, MA 01432 for mailing to the United States District Court for the District of Massachusetts. I further certify under penalty of perjury that the forgoing is true and correct pursuant to Title 28 U.S.C. § 1746.

Respectfully Submitted,

dated August 10, 2005

by *[signature]*
William Smith