UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM SMITH, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Civil Action<br><br># 04-11049-PBS |

PETITIONER'S MOTION APPEALING

THE DISTRICT COURT ORDERS DISMISSING

THE INSTANT ACTION AS UNTIMELY

**Now Comes**, Petitioner William Smith, Pro Se, who is Appealing from the District Court dismissing the above Civil Action as untimely filed.

Petitioner is Appealing to the United States Court of Appeals for the First Circuit, pursuant to 28 U.S.C. § 2255 Rules governing § 2255 proceedings; Rules 11 and 4(a).

### Factual Background

In June of 1997, Petitioner Smith was convicted by a jury for being a felon in possession of a firearm and ammunition in violation of Title 18 U.S.C. § 922(g)(1).

Petitioner's conviction was affirmed by the First Circuit in 2002. See: U.S. v. Smith, 292 F 3d 90, 92.

Petitioner Smith then filed a petition for Writ of Certiorari to the Supreme Court, which the Court denied on March 24, 2003. See: Smith v. U.S., 538 U.S. 933(2003).

On May 19, 2003, the Supreme Court denied Petitioner's rehearing for a Writ of Certiorari petition. See: <u>Smith v. U.S.</u>, 538 U.S. 1054 (2003).

Petitioner Smith filed his 28 U.S.C. § 2255 motion on May 19, 2004 ("AEDPA"), habeas corpus petition are governed by a one-year statute of limitations which runs from "the date on which the Judgment of Conviction becomes final."

The Government asserts that the petition is untimely because it was filed more than a year after the Certiorari was denied.

### Argument

On May 27, 2004, Judge Patti B. Saris: order entered service order re 2255 moton. Order entered pursuant to Rule 4 of the rules governing § 2255 cases for service on Respondent(s). Answer/responsive pleading due within 20 days of receipt of this order.

The Respondent(s) failed to comply with the Court order to reply to the order in 20 days.

On July 6, 2004, Petitioner Smith filed a Return to Writ of Habeas Corpus Allegation of a Return, pursuant to 28 U.S.C. § 2248.

The Respondent never responded to any of the Petitioner's motions, nor filed for an enlargement of time to file a response, pursuant to Rule 6(b)(1).

After being time barred for not filing either a motion or extention of time, the A.U.S.A./Respondent's first Motion of Extension of Time was in August 27, 2004, to respond to Petitioner's § 2255 motion.

On August 20, 2004, being time barred by 100 days, Respondent filed its Memorandum in Opposition to the Motion to Vacate-Set Aside-Correct Sentence § 2255.

In Respondent(s) opposition to 28 U.S.C. § 2255 in one of its arguments, Respondent(s) claims that Petitioner Smith is time barred because he did not file his § 2255 motion within one year of the original denial of Certiorari.

On September 27, 2004, Petitioner Smith filed his Opposition to A.U.S.A./Respondent(s)' Memorandum in Opposition, to § 2255, by stating that he, the Petitioner, did infact file his § 2255 motion on time, after the denial of rehearing of Writ of Certiorari, pursuant to Supreme Court Rules 44, 45 and 29.

On February 18, 2005, Petitioner Smith filed for Leave to File a Supplement Pleading, pursuant to Rule 15, which was granted by Judge Patti B. Saris.

However, on August 2, 2005, after A.U.S.A./Respondent was time barred from filing any motion to the District Court on this matter, the Court accepted Respondent's opposition to Petitioner's § 2255. The Court waited one and a half years (1½ years), after granting all of Petitioner's motions, before the Judge dismissed the Petitioner's § 2255 motion as being untimely based upon the Respondent's untimely opposition. The District Court incorrectly relied upon Rule 16.3 suspension, which does not govern the one year limitation period for filing a rehearing of Writ of Certiorari; only the Supreme Court Rules 44, 45 and 29 govern when the rehearing of Writ of Certiorari becomes final. And if the rehearing is denied, the mandate is forthwith pursuant to Rule 45.

Rule 44 states that you have 25 days to file for rehearing of Certiorari; Rule 45 stays the mandate. See: Smith v. U.S., No. 02-8860 for Certiorari and rehearing of Certiorari, the case number is the same for both the original and the rehearing. That shows that the rehearing of Certiorari was final when it was denied. See: Feldman v. Herman, 815 F 2d 1318, 1320 - 21 (9th Cir. 1997). If a defendant files for Certiorari review, direct review is ongoing and the commencement of a simultaneous § 2255 would be inappropriate, if defendant filed a rehearing of Certiorari and if defendant had to toll the time for filing a § 2255 at the same time would also be inappropriate. Congress would not make statutes or rules if you could not use them.

## Conclusion

Based on all the motions and rules filed in this action, pursuant to 44, 45 and 29 and Congressional intent by enacting these rules, by allowing defendants to be able to file for rehearing of Certiorari after denial of the original Certiorari; Petitioner Smith prays that the Honorable Court of Appeals finds that the Judgment became final on the date of May 19, 2003 and vacate the pending instant dismissal of this action in the interest of justice.

Respectfully submitted,

on this the     day of August, 2005

by *William Smith*
William Smith
Pro Se

## CERTIFICATE OF SERVICE

I, William Smith, certify that on August    , 2005, I mailed a true true copy of the enclosed motions via First Class U.S. mail through the inmate mail system at the Federal Medical Center Devens where I am incarcerated to the following parties:

> United States Attorney's Office
> U.S. District Courthouse
> One Courthouse Way, Suite 9200
> Boston, MA 02210

I further certify under penalty of perjury that the forgoing is true and correct.

on this the    day of August, 2005

Fespectfully submitted,

by *[signature]*
William Smith
Pro Se
Reg. No. 21442-038
F.M.C. Devens
P.O. Box 879
Ayer, MA 01432